**O'MELVENY AND MYERS LLP**
Randall W. Edwards (State Bar # 179053)
redwards@omm.com
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

Rebecca A. Girolamo (State Bar # 293422)
rgirolamo@omm.com
400 South Hope Street, 18th Floor
Los Angeles, CA 90017
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

*Attorneys for Defendant Abbott Laboratories*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROZ SAEDI, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPD SWISS PRECISION DIAGNOSTICS GMBH d/b/a CLEARBLUE, PROCTER & GAMBLE CO. and ABBOTT LABORATORIES,<br><br>Defendants. | Case No. 2:24-cv-6525-WLH-E<br><br>**STIPULATION REGARDING DISMISSAL OF ABBOTT LABORATORIES AND PROCTER & GAMBLE CO.**<br><br>Judge:      Hon. Wesley L. Hsu<br><br>Action Filed: August 1, 2024<br>Trial Date:   None set |

Plaintiff, on the one hand, and Defendants Abbott Laboratories ("Abbott"), Procter & Gamble Co. ("P&G"), and SPD Swiss Precision Diagnostics GmbH

("SPD") (collectively, the "Clearblue Defendants"), on the other hand, through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, Plaintiff had named Abbott and P&G as defendants in the complaint in the above captioned action (the "Litigation");

WHEREAS, the Clearblue Defendants contend that Abbott and P&G should be dismissed from the Litigation based on their corporate separateness from SPD and on their lack of requisite participation in the marketing and sale of Clearblue products on https://www.clearblue.com/ (the "Clearblue Website") and other conduct that forms the basis of Plaintiff's claims; and

WHEREAS, counsel for Plaintiff and counsel for the Clearblue Defendants have met and conferred on this issue and, in order to save judicial resources, Plaintiff is willing to dismiss Abbott and P&G from the Litigation without prejudice based on the representations and agreements contained in this stipulation.

NOW, THEREFORE, Plaintiff and the Clearblue Defendants hereby stipulate and agree as follows:

1. The Clearblue Defendants represent and warrant that, at all times relevant to this litigation, neither Abbott nor P&G was or is responsible for, or directed in any manner, the marketing and sale of Clearblue products on the Clearblue Website, operation of the Clearblue Website, the contents of the Clearblue Website, or any third party content or alleged trackers on the Clearblue Website (including but not limited to the Meta Pixel, Google Analytics, Google Tag

Manager, and any other pixels, web beacons, tags, and/or cookies, or links), which form the basis of Plaintiff's claims in the Litigation.

2. The Clearblue Defendants represent and warrant that Abbott and P&G are not necessary or indispensable parties to the Litigation.

3. The Clearblue Defendants represent and warrant that Abbott and P&G will not object to third party discovery served upon them, including, but not limited to, any third-party subpoena for documents or testimony, on the grounds that they are not parties to the Litigation or that Plaintiff has agreed to this stipulation.

4. SPD represents and warrants that SPD will be solely responsible for satisfying any monetary judgment that may be entered in the Litigation as to the marketing and sale of Clearblue products on the Clearblue Website, and that damages, and any such judgment, will not be reduced based on the absence of Abbott or P&G as parties to the Litigation.

5. SPD represents and warrants that SPD will comply with any injunctive relief that may be ordered by the court in the Litigation as to the Clearblue Website and as of October 16, 2024, is unaware of any circumstances which would impede the satisfaction of that injunctive relief.

6. SPD agrees to accept service of the summons and complaint in the Litigation in exchange for a stipulated dismissal of Abbott and P&G.

7. Based on these representations, Plaintiff agrees to dismiss Abbott and P&G from the Litigation without prejudice but, in Plaintiff's sole and absolute

discretion, may seek leave to amend the operative complaint in order to reassert claims against Abbott and/or P&G. In such a case, the Clearblue Defendants agree that they will not oppose any such amendment on the ground that any such amendment should have been made earlier, so long as the motion for leave to amend is filed before the close of fact discovery. The Clearblue Defendants reserve all other arguments to oppose such amendment and to move to dismiss any pleading incorporating such amendment.

**IT IS SO STIPULATED AND AGREED.**

Dated: October 24, 2024　　　　　　　　**ALMEIDA LAW GROUP LLC**
　　　　　　　　　　　　　　　　　　　　By: */s/ Matthew Langley*
　　　　　　　　　　　　　　　　　　　　　　Matthew Langley

　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff Roz Saedi, individually and on behalf of all others similarly situated*

Dated: October 24, 2024　　　　　　　　**O'MELVENY AND MYERS LLP**
　　　　　　　　　　　　　　　　　　　　By: */s/ Randall W. Edwards*
　　　　　　　　　　　　　　　　　　　　　　Randall W. Edwards

　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant Abbott Laboratories*

Dated: October 24, 2024

**SQUIRE PATTON BOGGS (US) LLP**
By: */s/ Kristin L. Bryan*
    Kristin L. Bryan

*Attorney for Defendants SPD Swiss Precision Diagnostics GmbH d/b/a Clearblue and Procter & Gamble Co.*

**ATTESTATION STATEMENT**

I, Matthew Langley, am the ECF User whose identification and password are being used to file this stipulation. Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Matthew Langley*
Matthew Langley