Matthew Langley, CA Bar No. 342846
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (312) 576-3024
matt@almeidalawgroup.com

David DiSabato*
Tyler Bean*
**GLIMSTAD LLP**
745 Fifth Avenue, Suite 500 New York, NY 10151
T: 929-677-5144
ddisabato@sirillp.com
tbean@sirillp.com SIRI &

(**pro hac vice*)

*Attorneys for Plaintiff & the Class*

Kristin L. Bryan (*admitted pro hac vice*)
**SQUIRE PATTON BOGGS LLP**
1120 Avenue of the Americas, 13th Floor New York, NY 10036
Telephone: +1 212 872 9800
Facsimile: +1 212 872 9815
kristin.bryan@squirepb.com

Yamili F. Gonzalez (State Bar # 327820)
**SQUIRE PATTON BOGGS LLP**
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone: +1 213 689 6540
Facsimile: +1 213 623 4581
yamili.gonzalez@squirepb.com

*Attorneys for Defendant SPD Swiss Precision Diagnostics GmbH*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Roz Saedi, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SPD SWISS PRECISION DIAGNOSTICS GMBH d/b/a CLEARBLUE,<br><br>Defendant. | Case No.: 2:24-cv-6525-WLH-E<br><br>**JOINT RULE 26(f) REPORT AND SCHEDULING WORKSHEET REGARDING MANDATORY SCHEDULING CONFERENCE SCHEDULED FOR FEBRUARY 21, 2025, AT 1:30 PM**<br><br>Judge: Hon. Wesley L. Hsu<br><br>Original Complaint: August 8, 2024<br>Removal: n/a<br>Responsive Pleading: n/a<br>Trial (Proposed): not yet set |

Pursuant to Federal Rule of Civil Procedure 26(f) and Hon. Wesley S. Hsu's Order Setting Scheduling Conference (ECF No. 45), Plaintiff Roz Saedi ("Plaintiff"), individually and on behalf of all other similarly situated, and Defendant

SPD Swiss Precision Diagnostics GMBH, d/b/a Clearblue ("Defendant") (collectively, the "Parties"), certify that they met and conferred on February 6, 2025, and have exchanged communications since then.

Following their Rule 26(f) conference, the Parties submit the following Joint Rule 26(f) Report and attached Scheduling Worksheet. The Parties were able to reach agreement on certain issues. Topics upon which the Parties were not able to agree are addressed with separate statements setting forth the Parties' respective positions.

**1.     Statement of the Case.**

*Plaintiff*:

This is a data-privacy class action lawsuit concerning Defendant's alleged unlawful practice of disclosing Plaintiff's and Class Members' confidential personally identifiable information ("PII") and protected health information ("PHI") (collectively referred to as "Private Information") to third parties including Meta Platforms, Inc. d/b/a Meta ("Facebook") and Google.

Defendant is a Swiss company that produces Clearblue branded pregnancy testing tests, ovulation test kits, and fertility monitors. Defendant owns, controls and maintains the website https://www.clearblue.com/ (the "Website"). Defendant encourages its customers to use its Website for reviewing and purchasing pregnancy, fertility and ovulation test kits. Plaintiff utilized Defendant's Website on several occasions to research and attempt to purchase Clearblue products related to her reproductive health and conditions.

Plaintiff alleges that, to surreptitiously capture and divulge Plaintiff's and Class Members' Private Information, Defendant installed and implemented the Meta Pixel and Google Analytics on its Website, which secretly enables the unauthorized transmission and disclosure of information to third parties as it is communicated to

1  Defendant without the knowledge or consent of the website visitors. Defendant's
2  "Consumer Health Data Privacy Policy" states, "[w]e do not sell your Consumer
3  Health Data. We also do not share your Consumer Health Data with any Third
4  Parties or Affiliates." Nothing in any of the Website's privacy policies revealed that
5  SPD would disclose Plaintiff's substantive health information as well as her PII
6  (including her Facebook ID and IP Address) that Meta and Google could use to
7  personally identify her and send her targeted advertisements related to her health
8  information.

9   ***Defendant*:**

10  Plaintiff filed her Complaint on August 1, 2024. As alleged in the Complaint,
11  SPD Swiss Precision Diagnostics GmbH is a leading supplier of home pregnancy
12  tests, ovulation tests, and fertility monitors, and owner of the registered trademark
13  "Clearblue." SPD's website for these products (the "Website") has a privacy policy
14  explaining to visitors that its website uses tracking technologies like cookies and
15  may share information to advertisers like Facebook and Google. The Website also
16  uses a pop-up cookie banner which allows a visitor to the website to grant or deny
17  consent to tracking technologies. Since March 2024, the Website has also included
18  a supplemental health data privacy policy.

19  Plaintiff alleges that she visited the Website and that the Website uses tracking
20  technologies—including the Facebook (Meta) Pixel and Google Analytics—that
21  share information about Plaintiff's visit to third parties. Plaintiff allegedly visited the
22  Website in 2022, looked up a product, and afterward received targeted ads. Plaintiff
23  has not alleged that she suffered any harm from these ads, nor that she has suffered
24  any actual damages all. Now, over a year later, Plaintiff alleges that this routine
25  website visit and the presence of ubiquitous, disclosed, and consented-to
26  technologies on the Website constitutes state and federal crimes of wiretapping,

among other claims.

Plaintiff's Complaint asserts four causes of action on behalf of Plaintiff and other individuals similarly situated: (1) violation of Electronic Communications Privacy Act, 18 U.S.C. § 2511(1) *et seq.*, (2) violation of the California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.*, (3) "common law invasion of privacy—intrusion upon seclusion", and (4) "unjust enrichment". Plaintiff's Complaint initially asserted these causes of action against SPD as well as the Procter & Gamble Company ("P&G") and Abbott Laboratories ("Abbott"). On October 24, 2024, Plaintiff voluntarily dismissed her claims against P&G and Abbott without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) and a stipulation between Plaintiff, SPD, P&G, and Abbott. See ECF Nos. 39–40. SPD has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). A hearing on that motion has been scheduled for February 28, 2025.

**2.    Subject Matter Jurisdiction.**

This Court has subject matter jurisdiction over this putative class action lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff alleges individual and representative claims for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1), *et seq.* ("ECPA"). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because the amount in controversy exceeds the sum of $5,000,000 exclusive of interest, fees and costs, there are more than 100 putative Class Members and at least one Class Member is a citizen of a state different from Defendant. Plaintiff Roz Saedi is a citizen of California and Defendant SPD is a Swiss company.

**3.    Legal Issues.**

Plaintiff alleges the following claims against Defendant: (i) violations of ECPA, Unauthorized Interception, Use and Disclosure; (ii) violations of California

Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.* ("CIPA"); (iii) Invasion of Privacy and (iv) Unjust Enrichment.

On December 23, 2024, Defendant filed a Rule 12 motion to dismiss Plaintiff's Complaint (ECF No. 44). Plaintiff's Opposition to Defendant's Motion to Dismiss is due on February 7, 2025 (ECF No. 48).

Plaintiff states that the key legal issues are

- Whether Defendant owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their Private Information and not disclosing it to unauthorized third parties;

- Whether Defendant breached a legal duty to Plaintiff and the Class Members to exercise due care in collecting, storing, using, and safeguarding their Private Information;

- Whether Defendant failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

- Whether Defendant adequately and accurately informed Plaintiff and Class Members that their Private Information would be disclosed to third parties;

- Whether Defendant, violated its own privacy policy by disclosing the Private Information of Plaintiff and Class Members to third parties like Facebook and Google;

- Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information disclosed to third parties;

- Whether Defendant violated the statutes asserted as claims in the

Complaint;

- Whether Class Members are entitled to actual, consequential, and/or nominal damages and/or injunctive relief as a result of Defendants' wrongful conduct.

Defendant states that the key legal issues are

1. Whether this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23;

2. Whether named Plaintiff is an appropriate representative for the putative class pursuant to Federal Rule of Civil Procedure 23;

3. Whether the statute of limitations bars Plaintiff's claims;

4. Whether Plaintiff had a reasonable expectation of privacy in her conduct as alleged;

5. Whether Defendant and/or Plaintiff's consent to the alleged tracking tools on the website forecloses Plaintiff's claims;

6. Whether a person can be liable for aiding and abetting a violation of the California Invasion of Privacy Act if the person did not have knowledge that the conduct of a third party purportedly violated the California Invasion of Privacy Act; and

7. Whether named Plaintiff or the putative class is entitled to damages.

**4.  Parties, Evidence, etc.**

*Parties***:** Plaintiff Roz Saedi and Defendant SPD Swiss Precision Diagnostics GMBH, d/b/a Clearblue. Abbott Laboratories and Procter & Gamble Co., both publicly held companies, own 10% or more of the stock of SPD Swiss Precision Diagnostics GmbH.

Plaintiff asserts claims on behalf of himself and a putative nationwide class,

defined as: All natural persons who used Defendants' Website to purchase healthcare products to treat and/or diagnose sensitive health conditions and whose Private Information was disclosed or transmitted to Facebook, Google or any unauthorized third party.

Plaintiff also asserts claims on behalf of a California subclass defined as: All natural persons residing in the State of California who used Defendants' website to purchase healthcare products to treat and/or diagnose sensitive health conditions and whose Private Information was disclosed or transmitted to Facebook, Google or any unauthorized third party.

***Witnesses:*** Without waiver of any objection or concession that any particular witness would be probative or subject to the Court's jurisdiction, the Parties have separately or jointly identified the following potential witnesses:

a. Plaintiff;

b. Officers, employees, agents, or representatives of Defendant yet to be identified who have information relevant to the allegations of Plaintiff's action and Defendant's defenses;

c. Officers, employees, agents, or representatives of Facebook yet to be identified who have information relevant to Plaintiff's allegations and Defendant's defenses;

d. Officers, employees, agents, or representatives of Google yet to be identified who have information relevant to Plaintiff' allegations and Defendant's defenses;

e. All witnesses identified by Plaintiff and Defendant in their Initial Disclosures; and,

f. All witnesses who may become known during the course of discovery.

***Key Documents***: The Parties do not at this time identify specific key

documents relevant to the main issues of the case. Discovery will largely center around ESI and technical evidence of tracking technologies embedded in Defendant's Website to collect and to disclose certain Private Information to third parties including Facebook and Google during the Class Period and Defendant's implementation and modification of the same.

**5. Damages.**

Plaintiff and Class Members seek all available damages (including, but not limited, to compensatory damages, economic and non-economic harm, statutory damages, and punitive damages), attorneys' fees, costs, and expenses, and any further relief the Court deems just and proper.

Under the ECPA, Plaintiff asserts that each Class Member is entitled to the greater of $100 a day for each day of violation or $10,000. *See* 18 U.S.C. § 2520. CIPA also authorizes damages of the greater of: (1) "five thousand dollars ($5,000) per violation" and (2) "three times the amount of actual damages, if any, sustained by the plaintiff[s]" for "[a]ny person who has been injured by a violation" of the statute. Cal. Penal Code § 637.2.

Defendant contends that Plaintiff will not be able to propose a methodology for calculating damages that meets the standards of Federal Rule of Civil Procedure 23 and *Comcast v. Behrend*, 569 U.S. 27 (2013). Defendant separately denies that Plaintiff and any unnamed putative class member are entitled to damages.

**6. Insurance.**

SPD is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**7.    Motions.**

    **(a)    Procedural Motions.**

The Parties do not anticipate seeking a change of venue or this Court's jurisdiction.

*Plaintiff:* Plaintiff, with the benefit of initial discovery, may move to amend her Complaint by, among other things, adding or substituting class representatives or amending to include additional defendants, claims or sub-classes.

    **(b)    Dispositive Motions.**

Currently pending is Defendant's fully-briefed Motion to Dismiss. Plaintiff may file a motion for summary judgment prior to the deadline to file. In addition to the motion to dismiss, SPD contends that all of the claims of the Complaint can be resolved on a motion for summary judgment because, among other reasons, Plaintiff consented to the practices alleged in the Complaint to the extent they occurred.

    **(c)    Class Certification Motion.**

Plaintiff intends to file a motion for class certification. Plaintiff proposes filing the Motion for Class Certification no later than 11/21/2025. Plaintiff believes that having the Court determine the issue of class certification prior to the filing of motions for summary judgment and the close of expert discovery will conserve judicial economy and narrow the issues for summary judgment motions and any further expert discovery.

**8.    Manual for Complex Litigation.**

This is a putative class action lawsuit and subject to the Manual for Complex Litigation, and the Parties agree that the Manual for Complex Litigation relating to class action litigation (Section 21) and expert discovery (Section 23) be utilized where appropriate.

9. **Discovery.**

    (a) **Status of Discovery.**

The Parties will exchange initial disclosures by 2/20/2025.

The Parties have not yet started formal discovery. However, Plaintiff intends to begin discovery shortly after the Rule 26(f) conference. Defendant's position is that discovery should be stayed pending the motion to dismiss in the interests of an efficient progression of the litigation and conservation of the court's and parties' resources.

    (b) **Discovery Plan.**

*Plaintiff*: Plaintiff also believes that often parties engage in addressing unnecessary boilerplate objections, and for that reason, proposes to exchange documents early, and produce documents responsive to discovery notwithstanding objections on the following timeline:

| | | |
|---|---|---|
| **Document Production** [notwithstanding objections] | 15 days after service to submit objections [If no documents are intended to be produced, to state so within the objections]. 45 days after document requests to submit production of documents. | To avoid standard requests for extension/boilerplate objections, and allow parties to start an early process to meet and confer |
| **Written discovery** (RFA, RPD, ROGS) | Plaintiff will serve formal requests after the scheduling conference. | Plaintiff proposes to provide a realistic deadline by which all documents will be produced notwithstanding objections (i.e., 40 days from the date discovery is served). Plaintiff also proposes that all |

|  |  | objections to discovery be served within 15 days from receipt of the requests, to allow the Parties to begin an early meet and confer process related to the stated objections. |
|---|---|---|
| **Depositions** (of each of the Defendant's 30(b)6) deponent) | After all documents are produced, Plaintiff will send out individual notices of depositions. | Plaintiff anticipates that the depositions may need to be scheduled 5-6 months after the scheduling conference, after Plaintiff obtains the relevant documents and information and conduct a proper review.<br><br>Given the need for 30(b)(6) depositions on a range of topics, including specific technical topics regarding the installation and configuration of the Tracking Technologies and the disclosure of information to third parties, Plaintiff believe that 30(b)(6) depositions be calculated as one deposition even if multiple natural persons are required to answer questions on each of the topics. If those 30(b)(6) witnesses are questioned in their individual |

| | | |
|---|---|---|
| | | capacity during the 30(b)(6) deposition, then the questioning of the individual would also be calculated as an additional deposition. |
| **Third-Party Discovery** | Plaintiff intends to serve discovery on the known third parties after Defendant produces its documents. | Plaintiff anticipates that it may take longer to obtain documents from third parties. Plaintiff may encounter delays in obtaining documents from non-parties to litigation, especially entities like Facebook and Google. <br><br> Given the need for third party discovery, Plaintiff suggests that the parties be permitted to take 5 non-party depositions in addition to the 10 depositions permitted by Fed.R.Civ.P. 30(a)(1) and (2)(A)(i). |

***Defendant***: Defendant maintains that discovery should be stayed pending the resolution of the motion to dismiss. Defendant additionally submits that the Federal Rules of Civil Procedure and local civil rules regarding the timing and form of discovery requests, depositions, and third-party discovery are appropriate and does not stipulate to any modifications proposed by Plaintiff above.

***Form of Disclosures***: The Parties have agreed to accept service of discovery requests and responses via email. The Parties do not propose any changes to the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

The Parties agree that discovery should be produced in a commercially searchable format.

***Protective Order:*** The Parties agree a protective order is necessary to cover the exchange of confidential information. The Parties will generally use the Central District of California's Model Protective Order to prepare the protective order and will submit to the court as soon as practicable.

***Evidence Preservation:*** The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably relevant to this action. At this time, the Parties do not foresee any issues.

***Electronic Discovery:*** The Parties agree to continue to meet and confer specifically regarding the scope of ESI, including discussion of methodologies for locating and producing electronically stored information and the production of metadata, and identifying any issues or agreements regarding electronically stored information that may not be reasonably accessible (*see* Fed. R. Civ. P. 26(b)(2)(B)). The Parties state that they are each aware of their duties regarding the preservation of discoverable information, and agree to take reasonable measures to comply with those duties as required by the Federal Rules of Civil Procedure and Local Rules.

**(c)     Discovery Cut-off.**

The Parties' respective proposed discovery deadlines are set forth in Exhibit A, Scheduling Worksheet.

**(d)     Expert Discovery.**

The Parties anticipate the need for expert discovery with respect to the scope, abilities, function, and historical action of the tracking technologies at issue in this litigation. The Parties respective proposed expert-discovery related deadlines are set forth in Exhibit A, Scheduling Worksheet.

**(e)    Settlement Conference/Alternative Dispute Resolution (ADR).**

The Parties have engaged in initial negotiations concerning the possibility of an efficient resolution, and may elect to engage in further discussions concerning this topic. The Parties would prefer mediation with a private mediator over a magistrate judge or the Court's mediation panel.

**(f)    Trial.**

    **i.    Trial Estimate.**

The Parties estimate approximately seven (7) to ten (10) court days for trial. At this time, Plaintiff anticipates calling 7-8 witnesses for trial. This may change as Plaintiff identifies witnesses through discovery. Defendant presently contemplates calling four (4) to six (6) witnesses at trial and anticipates a need for expert testimony concerning the technologies involved.

    **ii.    Jury or Court Trial.**

The Parties agree to trial by jury.

    **iii.    Consent to Trial Before a Magistrate Judge.**

The Parties do not agree to try the case before a magistrate judge.

    **iv.    Lead Trial Counsel.**

*Plaintiff*: Matthew J. Langley of Almeida Law Group LLC and Tyler Bean of Siri & Glimstad LLP.

*Defendant*: Kristin L. Bryan of Squire Patton Boggs (US) LLP.

**(g)    Independent Expert or Master.**

The Parties agree that this case does not necessitate appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

    **i.    Other Issues.**

None.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 7, 2025 | */s/ Matthew Langley* |
| 3 | | Matthew Langley, CA Bar No. 342846 |
| | | matt@almeidalawgroup.com |
| 4 | | **ALMEIDA LAW GROUP LLC** |
| 5 | | 849 W. Webster Avenue |
| | | Chicago, Illinois 60614 |
| 6 | | T: 312-576-3024 |
| 7 | | matt@almeidalawgroup.com |
| 8 | | David DiSabato (admitted *pro hac vice*) |
| | | Tyler Bean (admitted *pro hac vice*) |
| 9 | | **SIRI & GLIMSTAD LLP** |
| 10 | | 745 Fifth Avenue, Suite 500 |
| | | New York, NY 10151 |
| 11 | | T: 929-677-5144 |
| 12 | | ddisabato@sirillp.com |
| | | tbean@sirillp.com |
| 13 | | |
| 14 | | *Attorneys for Plaintiff & the Classes* |
| 15 | | |
| 16 | DATED: February 7, 2025 | */s Yamili F. Gonzalez* |
| 17 | | Yamili F. Gonzalez (State Bar # 327820) |
| | | **SQUIRE PATTON BOGGS LLP** |
| 18 | | 555 South Flower Street, 31st Floor |
| 19 | | Los Angeles, CA 90071 |
| | | Telephone: +1 213 689 6540 |
| 20 | | Facsimile: +1 213 623 4581 |
| 21 | | yamili.gonzalez@squirepb.com |
| 22 | | Kristin L. Bryan (admitted *pro hac vice*) |
| 23 | | **SQUIRE PATTON BOGGS LLP** |
| | | 1120 Avenue of the Americas, 13th Floor |
| 24 | | New York, NY 10036 |
| 25 | | Telephone: +1 212 872 9800 |
| | | Facsimile: +1 212 872 9815 |
| 26 | | kristin.bryan@squirepb.com |
| 27 | | |
| 28 | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Defendant SPD Swiss Precision Diagnostics GmbH*