1  **SQUIRE PATTON BOGGS (US) LLP**
   Yamili F. Gonzalez (State Bar # 327820)
2  yamili.gonzalez@squirepb.com
   555 South Flower Street, 31st Floor
3  Los Angeles, CA 90071
   Telephone:  +1 213 689 6540
4  Facsimile:   +1 213 623 4581

5  Kristin L. Bryan (admitted *pro hac vice*)
   kristin.bryan@squirepb.com
6  1120 Avenue of the Americas, 13th Floor
   New York, NY 10036
7  Telephone: +1 212 872 9800
   Facsimile: +1 212 872 9815
8
   *Attorneys for Defendant SPD Swiss Precision*
9  *Diagnostics GmbH*

10              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**

11 | ROZ SAEDI, individually and on behalf of all other similarly situated, | Case No. 2:24-cv-6525-WLH-E |
   | --- | --- |
12 | | **DEFENDANT SPD SWISS** |
   | Plaintiff, | **PRECISION DIAGNOSTICS** |
13 | | **GMBH'S REPLY IN SUPPORT OF** |
   | v. | **RULE 12(B)(6) MOTION TO** |
14 | | **DISMISS** |
   | SPD SWISS PRECISION DIAGNOSTICS GMBH, | |
15 | | |
   | Defendant. | |
16 | | Judge:        Hon. Wesley L. Hsu |
17 | | Hearing: February 28, 2025 |
18
19
20
21

i

# <u>TABLE OF CONTENTS</u>

Table of Authorities ............................................................................................. iii

I.    Introduction ................................................................................................ 1

II.   Argument .................................................................................................... 2

    A.    SPD Is A Party And ECPA's Crime-Tort Exception Does Not Apply (Count I). ................................................................................ 2

    B.    Plaintiff's Claim Was Untimely And Fails For Lack Of Scienter Allegations (Count II). .............................................................. 5

        1.    The Delayed Discovery Doctrine Is Inapplicable Because Plaintiff Had Notice Of The Privacy Policy. .................. 6

        2.    Plaintiff Has Not Adequately Alleged Fraudulent Concealment. ................................................................. 8

        3.    Plaintiff Has Failed To Plead The Scienter For Aiding And Abetting. ........................................................... 10

    C.    There Was No Intrusion, Let Alone A Highly Offensive Intrusion (Count III). .............................................................. 11

        1.    SPD Could Not Intrude On Communications Intended For SPD. ............................................................................ 12

        2.    The Alleged Intrusion Was Not Highly Offensive. .............. 14

    D.    Plaintiff Has Not Alleged Inadequate Legal Remedies (Count IV). .................................................................................. 16

III.  Conclusion ................................................................................................ 17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.J. v. LMND Med. Grp., Inc.*,
  No. 23-cv-03288-RFL, 2024 WL 4579143 (N.D. Cal. Oct. 25, 2024) ................................................................................................. 8

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) .............................................................. 16

*B.K. v. Desert Care Network*,
  No. 2:23-cv-05021-SPG-PDX, 2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) ........................................................................................... 8, 15

*B.K. v. Eisenhower Med. Ctr.*,
  No. 23-cv-02092-JGB, 2024 WL 2037404 (C.D. Cal. Apr. 11, 2024) .................................................................................................. 3

*Brown v. Google LLC*,
  525 F.Supp.3d 1049 (N.D. Cal. 2021) ................................................ 9

*C.M. v. MarinHealth Med. Grp., Inc.*,
  No. 23-cv-04179-WHO, 2024 WL 217841 (N.D. Cal. Jan. 19, 2024) ................................................................................................ 17

*Chiulli v. Am. Honda Motor Co.*,
  690 F.Supp.3d 1038 (N.D. Cal. 2023) .............................................. 16

*Cousin v. Sharp Healthcare*,
  702 F.Supp.3d 967 (S.D. Cal. 2023) ........................................... 13, 15

*Doe v. FullStory, Inc.*,
  712 F.Supp.3d 1244 (N.D. Cal. 2024) ........................................... 8, 17

*Doe v. Meta Platforms, Inc.*,
  690 F.Supp.3d 1064 (N.D. Cal. 2023) .............................................. 17

*Esparza v. UAG Escondido A1 Inc.*,
  No. 23-cv-00102-DMS-KSC, 2024 WL 3761293 (S.D. Cal. Aug. 5, 2024) ......................................................................................... 10, 11

*Esparza v. UAG Escondido A1 Inc.*,
  No. 23-cv-00102-DMS-KSC, 2024 WL 559241 (S.D. Cal. Feb. 12,
  2024) ....................................................................................................... 10

*Gaige v. Exer Holding Company, LLC*,
  2:24-cv-06099-AH-AJR (C.D. Cal. Jan. 30, 2025), ECF No. 43 ............ 9, 13, 15

*Graham v. Sunnova Energy International, Inc.*,
  No. 1:22-cv-0622-JLT-BAM, 2024 WL 871858 (E.D. Cal. Feb.
  28, 2024) ................................................................................................. 12

*Hammerling v. Google LLC*,
  615 F.Supp.3d 1069 (N.D. Cal. 2022) .................................................... 14

*Heiting v. Taro Pharms. USA, Inc.*,
  709 F.Supp.3d 1007 (C.D. Cal. 2023) ................................................ 10, 11

*Hernandez v. Hillsides, Inc.*,
  211 P.3d 1063 (Cal. 2009) ...................................................................... 11

*Javier v. Assurance IQ, LLC*,
  649 F.Supp.3d 891 (N.D. Cal. 2023) ................................................. 6, 7, 8

*Lau v. Gen Digital Inc.*,
  No. 22-cv-08981-JST, 2023 WL 10553772 (N.D. Cal. Sept. 13,
  2023) ...................................................................................................... 8, 9

*Low v. LinkedIn Corp.*,
  900 F.Supp.2d 1010 (N.D. Cal. 2012) .................................................... 14

*In re Meta Pixel Healthcare Litig.*,
  647 F.Supp.3d 778 (N.D. Cal. 2022) .................................................. 5, 16

*Mikulsky v. Bloomingdale's, LLC*,
  713 F.Supp.3d 833 (S.D. Cal. 2024) ....................................................... 16

*Nienaber v. Overlake Hosp. Med. Ctr.*,
  733 F.Supp.3d 1072 (W.D. Wash. 2024) ............................................... 3, 4

*Okash v. Essentia Health*,
  No. 23-cv-482-JRT, 2024 WL 1285779 (D. Minn. Mar. 26, 2024) ........... 3, 4

iv

*Posadas v. Goodyear Tire & Rubber Co.*,
   No. 23-cv-00402-L-DDL, 2024 WL 5114133 (S.D. Cal. Dec. 13,
   2024) ................................................................................................. 12

*R.C. v. Walgreen Co.*,
   733 F.Supp.3d 876 (C.D. Cal. 2024) ............................................... 4

*R.S. v. Prime Healthcare Servs., Inc.*,
   2025 WL 103488 (C.D. Cal. Jan. 13, 2025) ................................... 3

*Rodriguez v. FastMed Urgent Care, P.C.*,
   741 F.Supp.3d 352 (E.D.N.C. 2024) ........................................ 5, 15

*Roe v. Amgen Inc.*,
   No. 2:23-cv-07448-MCS-SSC, 2024 WL 2873482 (C.D. Cal. June
   5, 2024) ............................................................................................ 2

*Shulman v. Grp. W Prods., Inc.*,
   955 P.2d 469 (Cal. 1998) .............................................................. 13

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ........................................................ 16

*Spears v. First Am. eAppraiseIt*,
   No. 5:08-cv-00868-RMW, 2013 WL 1748284 (N.D. Cal. Apr. 23,
   2013) ........................................................................................ 1, 3, 9

*St. Aubin v. Carbon Health Techs., Inc.*,
   No. 24-cv-00667-JST, 2024 WL 4369675 (N.D. Cal. Oct. 1, 2024) ................. 15

*T.D. v. Piedmont Healthcare, Inc.*,
   No. 1:23-cv-05416-TWT, 2024 WL 5284883 (N.D. Ga. Dec. 10,
   2024) ................................................................................................ 4

*Thomas v. Papa Johns Int'l, Inc.*,
   No. 22-cv-02012-DMS-MSB, 2024 WL 2060140 (S.D. Cal. May
   8, 2024) .......................................................................................... 12

**Other Authorities**

Restatement (Second) of Torts, § 652(B) .............................................. 13

## I.   **INTRODUCTION**

Plaintiff alleges that she visited SPD's Website, clicked on three product links, and that those URLs were disclosed to third parties along with her Facebook ID. To be clear, Plaintiff's claims are not grounded in the purchase of any products, and instead merely concern the purported disclosure of internet browsing activity. *See, e.g.*, Opp. at 4. In her Opposition, Plaintiff spends much effort insinuating that these URLs are analogous to medical records. Therefore, according to Plaintiff, SPD's alleged disclosure of URLs constitutes a highly offensive "intrusion" by SPD. But unlike the cases that Plaintiff relies on—and unlike the hospitals sued by Plaintiff's counsel with near-verbatim complaints—SPD is not a healthcare provider. There are no plausible allegations that any medical information about Plaintiff is even discernable from the URLs.

Accepting Plaintiff's theory would mean that any business operating a website concerning products or information related to health is abetting wiretapping by using ubiquitous website technology. This Court should reject Plaintiff's attempt to analogize routine website visits of non-HIPAA entities to wiretaps of medical records. Specifically, the Complaint should be dismissed with prejudice for the following reasons:

***First***, Count I (ECPA) should be dismissed because SPD is a party to any communication with Plaintiff, and consented to any interception. Plaintiff does not satisfy ECPA's crime-tort exception to consent because (1) Plaintiff fails to state a

violation of any other law, (2) the alleged violation of ECPA is not separate from other asserted violations, and (3) Plaintiff alleges that SPD had the proper purpose of revenue generation.

**Second**, Count II is brought outside CIPA's one-year statute of limitations and Plaintiff fails to plead sufficient facts to support tolling. Moreover, Plaintiff fails to plausibly allege that SPD knew that any party was violating CIPA, which is an independent basis for dismissal.

**Third**, Count III (intrusion upon seclusion) fails because Plaintiff has not plausibly alleged an "intrusion," let alone one that was "highly offensive."

**Finally**, Count IV (unjust enrichment) is deficient because Plaintiff has not alleged that that legal remedies are inadequate.

## II.   <u>ARGUMENT</u>

### A.    **SPD Is A Party And ECPA's Crime-Tort Exception Does Not Apply (Count I).**

SPD's Motion established, and Plaintiff does not dispute, that SPD is a party to any communication from Plaintiff on the Website. *See* Motion at 8–11; Opp. at 13. On this basis, Plaintiff's claim must be dismissed as a party consented to any "interception." *See, e.g.*, *Roe v. Amgen Inc.*, No. 2:23-cv-07448-MCS-SSC, 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024). Plaintiff nevertheless argues that the crime-tort exception to consent applies because SPD's alleged interception was done

for the purposes of violating HIPAA, CIPA, or common law. *Id.* This argument fails for multiple reasons.

**First**, as described in the Motion and *infra*, Plaintiff has not plausibly alleged a violation of HIPAA, CIPA, or the common law. *See, e.g.*, *B.K. v. Eisenhower Med. Ctr.*, No. 23-cv-02092-JGB, 2024 WL 2037404, at *4 (C.D. Cal. Apr. 11, 2024) (crime-tort exception inapplicable where plaintiff did not plead violation of HIPAA). Plaintiff argues that allegations of *intent* to violate a law are sufficient for the crime-tort exception even if plaintiff does not allege a violation. *See* Opp. at 14 n.8 (citing *R.S. v. Prime Healthcare Servs., Inc.*, 2025 WL 103488, at *4 (C.D. Cal. Jan. 13, 2025)). Plaintiff is incorrect. The *Prime Healthcare* court held that the plaintiff sufficiently alleged that the defendant medical provider intended to disclose information, which would plausibly violate HIPAA. *See* 2025 WL 103488, at *4-5. Plaintiff's failure to plausibly allege another violation of law dooms its ECPA claim. *See* Motion at 13–14; *Eisenhower*, 2024 WL 2037404, at *4.

**Second**, Plaintiff fails to allege a tortious act that was separate and independent from the interception itself, as required to invoke the crime-tort exception. *See* Motion at 14–15; *Okash v. Essentia Health*, No. 23-cv-482-JRT, 2024 WL 1285779, at *4 (D. Minn. Mar. 26, 2024) (dismissing ECPA claim where plaintiff failed to allege separate violation); *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F.Supp.3d 1072, 1095 (W.D. Wash. 2024) (dismissing ECPA claim "where Plaintiff alleges the simultaneous transmission of communications to third parties

1  like Facebook"); *T.D. v. Piedmont Healthcare, Inc.*, No. 1:23-cv-05416-TWT, 2024

2  WL 5284883, at *4 & n.3 (N.D. Ga. Dec. 10, 2024) (same; rejecting argument from

3  plaintiff's counsel, including Almeida Law Group, that the Court "relied on an

4  'outdated analysis' in *Kurowski*").

5      Plaintiff cannot argue that the alleged conduct constituting its state wiretap

6  claim, CIPA, is separate and independent from its federal wiretap claim, ECPA.

7  Plaintiff instead asserts that the alleged invasion of privacy is an independent act

8  because it involves alleged "disclosure." *See* Opp. at 15 (citing *R.C. v. Walgreen

9  Co.*, 733 F.Supp.3d 876, 890 (C.D. Cal. 2024)). But the *Walgreen* court did not

10  address allegations like Plaintiff's where the alleged "interception" of

11  communications was "simultaneous" with the alleged disclosure. *See, e.g.*,

12  Complaint ¶¶ 193, 247, 271.

13      *Okash*, *Nienaber*, and *Piedmont Healthcare* are on-point cases dismissing

14  ECPA claims where the alleged interception was a simultaneous sharing with a third

15  party.  This is dispositive of Plaintiff's claim. Plaintiff does not (and cannot) show

16  otherwise, also supporting dismissal of Count II of the Complaint.[1]

17

18

19  _____

[1] The rest of Plaintiff's cases on this issue address whether a violation of HIPAA is
20  separate from the alleged collection of information which makes up a wiretap claim.
*See* Opp. at 15–16. But Plaintiff does not dispute that SPD is not a HIPAA-covered
21  entity and cannot violate HIPAA.

1    ***Third***, Plaintiff does not dispute that multiple courts "have found that the

2    crime-tort exception to [ECPA] is inapplicable where the defendant's primary

3    motivation was to make money." *In re Meta Pixel Healthcare Litig.*, 647 F.Supp.3d

4    778, 787 (N.D. Cal. 2022). Plaintiff alleges that SPD's conduct was for commercial

5    gain and not the commission of another tort. *See, e.g.*, Compl. ¶¶ 18, 158–159, 241,

6    249. Even at other parts of Plaintiff's Opposition, Plaintiff argues that SPD's intent

7    was to "receive compensation from third parties." Opp. at 12 (quoting Complaint

8    ¶ 160). To the extent there is conflicting caselaw on how to analyze commercial

9    motivation as one of many factors, such caselaw is inapposite because a commercial

10   motivation is the only motivation plausibly alleged by Plaintiff. *See, e.g.*, *Rodriguez*

11   *v. FastMed Urgent Care, P.C.*, 741 F.Supp.3d 352, 363 (E.D.N.C. 2024) (crime-tort

12   exception inapplicable where plaintiff alleged disclosure was for "commercial use"

13   and that purpose was to commit a criminal or tortious act).

14   For each of these three independently dispositive reasons, the Court should

15   dismiss Count I with prejudice.

16   **B.    Plaintiff's Claim Was Untimely And Fails For Lack Of Scienter
       Allegations (Count II).**

17   As established in SPD's Motion, Plaintiff's CIPA claim against SPD should

18   be dismissed because it (i) was brought outside the statute of limitations and (ii) fails

19   to plausibly allege that SPD had knowledge of any violations of CIPA by a third

20   party. *See* Motion at 17–21.

21

5

1    Plaintiff alleges she last visited the Website in September 2022, but did not

2    file the Complaint until August 2024. *See* Compl. ¶ 189; Opp. at 4. Thus, on its face,

3    Plaintiff's CIPA claim is barred by the one-year statute of limitations. *See, e.g.,*

4    *Javier v. Assurance IQ, LLC*, 649 F.Supp.3d 891, 901 (N.D. Cal. 2023). In response,

5    Plaintiff argues that the statute of limitations should be tolled under (1) the delayed

6    discovery doctrine or (2) fraudulent concealment. Neither argument, however, has

7    merit.

8            **1.    The Delayed Discovery Doctrine Is Inapplicable Because
             Plaintiff Had Notice Of The Privacy Policy.**

9    Plaintiff agrees that "[t]o invoke the delayed discovery doctrine, a plaintiff

10   must plead facts to show the (1) the time and manner of discovery and (2) the

11   inability to have made earlier discovery despite reasonable diligence." *Javier*, 649

12   F.Supp.3d at 901 (quotation omitted); *see* Opp. at 8. Here, even assuming that

13   Plaintiff has adequately alleged the time and manner of discovery, Plaintiff has not

14   pleaded an inability to make an earlier discovery.

15   Plaintiff allegedly visited the Website on "several occasions" to disclose

16   information to SPD. Complaint ¶¶ 187–188, 279. In other words, Plaintiff "was

17   aware [of website operator]'s collection of [her] information" and thus "had

18   constructive notice of the Privacy Policy," which in turn put Plaintiff on inquiry

19   notice of the injury as a matter of law. *Javier*, 649 F.Supp.3d at 902. In attempting

20   to distinguish *Javier*, Plaintiff mistakenly suggests that the holding depended on the

21

6

plaintiff's assumption that defendant was collecting his information "through spyware installed on its website." Opp. at 9. Not so. The court emphasized what mattered was that the Plaintiff assumed the *website operator* collected plaintiff's information, not *how* the website operator did so. *See* 649 F.Supp.3d at 901 (court placing emphasis on identity of defendants), 902 ("It is of no consequence, too, that [plaintiff] did not know that [software provider] was the third party involved."). Plaintiff therefore is situated precisely as the plaintiff in *Javier*: as alleged in the Complaint, she knew her information was going to be collected by SPD. *See, e.g.*, Complaint ¶ 154. Congruent with *Javier*, Plaintiff thus had constructive notice of SPD's Privacy Policy. *See* Motion at 21.

SPD's Privacy Policy at the time disclosed that the Website may "collect information using pixel tags (also called 'clear gifs') that may be shared" with third parties and that "[t]he information collected using these pixel tags is not personally identifiable although it could be linked to your Personal Information." ECF 44-2 at 6. This disclosure put Plaintiff on inquiry notice of the alleged injury of disclosing information to third parties through pixels, which forecloses the discovery rule as a matter of law. *See Javier*, 649 F.Supp.3d at 902. Plaintiff's only response is to selectively quote the Privacy Policy to omit the disclosure that information collected by pixel tags "could be linked to [Plaintiff's] Personal Information." *Compare* ECF 44-2 *with* Opp. at 10 (omitting this clause twice). These omissions are unjustifiable, as the Complaint is based on non-personally identifiable information collected by

DEFENDANT SPD'S
REPLY IN SUPPORT OF RULE 12(B)(6)
MOTION TO DISMISS
2:24-cv-06526-WLH-E

pixels (URLs) being "linked" to personal information (e.g., a Facebook ID). *See, e.g.*, Complaint ¶ 105 (alleging pixel "allow[s] the user's communications and actions on the website to be linked to their specific Facebook profile.").

These facts make Plaintiff's cited cases inapposite, as the defendants' alleged conduct in each of those cases differed from the applicable privacy policy. *See B.K. v. Desert Care Network*, No. 2:23-cv-05021-SPG-PDX, 2024 WL 1343305, at *5 (C.D. Cal. Feb. 1, 2024) (plaintiff alleged privacy policy was misleading); *A.J. v. LMND Med. Grp., Inc.*, No. 23-cv-03288-RFL, 2024 WL 4579143, at *2 (N.D. Cal. Oct. 25, 2024) (same); *Doe v. FullStory, Inc.*, 712 F.Supp.3d 1244, 1256 & n.9 (N.D. Cal. 2024) (plaintiff argued privacy policy was misleading). In sum, because Plaintiff was on notice of the Privacy Policy as a matter of law, her allegations that she could not have been aware of SPD's conduct earlier are insufficient, and Plaintiff cannot rely on the delayed discovery doctrine. *See* Motion at 20–21; *Javier*, 649 F.Supp.3d at 902.

### 2. Plaintiff Has Not Adequately Alleged Fraudulent Concealment.

Plaintiff agrees that a plaintiff alleging fraudulent concealment must plead "with particularity" "facts showing that [i] [defendant] affirmatively misled it, and [ii] that [plaintiff] had neither actual nor constructive knowledge of the facts giving rise to its claim despite its diligence in trying to uncover those facts." *Lau v. Gen Digital Inc.*, No. 22-cv-08981-JST, 2023 WL 10553772, at *3 (N.D. Cal. Sept. 13,

8

2023); *see* Opp. at 11; Motion at 18.  Plaintiff also does not dispute that fraudulent concealment requires conduct "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Lau*, 2023 WL 10553772, at *3; Motion at 18.

The only allegation of an affirmative step to mislead that Plaintiff points to is the fact that SPD installed the tracking tools. *See* Opp. at 11 (citing Complaint ¶ 182). This is the very same alleged wrongdoing for the basis of the CIPA claim, and thus insufficient to plead fraudulent concealment with particularity. *See Lau*, 2023 WL 10553772, at *3; *see also, e.g.*, *Spears v. First Am. eAppraiseIt*, No. 5:08-cv-00868-RMW, 2013 WL 1748284, at *5 (N.D. Cal. Apr. 23, 2013) (failure to plead fraudulent inducement where facts "related to the underlying wrongdoing rather than an effort to prevent plaintiffs from being able to sue"). Plaintiff's reliance on *Brown v. Google LLC*, 525 F.Supp.3d 1049, 1071 (N.D. Cal. 2021), is misplaced because the alleged active concealment in *Brown* ("representations regarding private browsing") were separate from the alleged wrong (interception of communications to websites). And the Court in *Exer* did not ever address the requirement that the alleged wrongdoing be separate from the act of concealment. *See* Order at 6, *Gaige v. Exer Holding Company, LLC*, 2:24-cv-06099-AH-AJR (C.D. Cal. Jan. 30, 2025), ECF No. 43.

In brief, Plaintiff has not met her burden to rely on the theory of fraudulent concealment to toll the statute of limitations. *See* Motion at 18–20; *Lau*.

### 3. Plaintiff Has Failed To Plead The Scienter For Aiding And Abetting.

As established in SPD's Motion and undisputed by Plaintiff, CIPA's aiding and abetting provision requires that Plaintiff show that SPD knew that the conduct of a third party (like Facebook or Google) constituted a breach of CIPA. *See* Motion at 22 (citing *Esparza v. UAG Escondido A1 Inc.*, No. 23-cv-00102-DMS-KSC, 2024 WL 559241, at *6 (S.D. Cal. Feb. 12, 2024)); Opp. at 11–12. Plaintiff argues that her allegation that SPD receives more cost-efficient marketing in exchange for providing consumer data to Facebook and Google is sufficient to show that SPD knew that Facebook or Google violated CIPA. *See* Opp. at 12 (quoting Complaint ¶ 160). Plaintiff, however, is incorrect.

As several courts have held, an allegation that a defendant employed third-party tracking technology to improve its business is ***not sufficient*** to allege that the defendant knew the technology constituted a CIPA violation by a third party. *See, e.g.*, *Esparza v. UAG Escondido A1 Inc.*, No. 23-cv-00102-DMS-KSC, 2024 WL 3761293, at *3 (S.D. Cal. Aug. 5, 2024) (allegations that defendant installed third-party software on website insufficient to "show Defendant knew [third party's] conduct would breach some duty owed to Plaintiff or that [third party] intended to violate [CIPA]"); *Heiting v. Taro Pharms. USA, Inc.*, 709 F.Supp.3d 1007, 1019 (C.D. Cal. 2023). Nothing in these opinions turned on whether the tracking technology was a "pixel". *Contra* Opp. at 12. And while Plaintiff claims that these

cases involved a third-party tool that would collect information "without the defendant's knowledge," that is not so. *See Esparza*, 2024 WL 3761293, at *3 (plaintiff alleged that "Defendant deployed [third party's] messaging feature onto its website," (citing ECF No. 24 (alleging defendant deployed technology "for the specific purpose of assisting [third party] in gathering consumer data")); *Heiting*, 709 F.Supp.3d at 1019 ("While the Complaint alleges that Defendant paid [third party] to intercept messages, it does not allege facts demonstrating Defendant acted with the requisite knowledge or intent to aid and abet [third party's] purported CIPA violation.").

Thus, because there are no allegations that SPD knew that the conduct of any third party constituted a breach of CIPA, Count II should be dismissed. *See* Motion at 21–23; *Esparza*, 2024 WL 3761293, at *3.

### C.    There Was No Intrusion, Let Alone A Highly Offensive Intrusion (Count III).

As established in SPD's motion, and not disputed by Plaintiff, to state a claim for intrusion upon seclusion, a plaintiff must allege that (1) defendant intentionally intruded into a place, conversation, or matter as to which plaintiff has a reasonable expectation of privacy, and (2) the intrusion was highly offensive to a reasonable person. *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1072 (Cal. 2009); *see* Motion at 23; Opp. at 5. "Given the inherent nature of the internet, a number of courts have found that consumers do not have a reasonable expectation of privacy over their

activity in that space." *Thomas v. Papa Johns Int'l, Inc.*, No. 22-cv-02012-DMS-MSB, 2024 WL 2060140, at \*2 (S.D. Cal. May 8, 2024) (collecting cases; dismissing intrusion upon seclusion claim with prejudice for failure to sufficiently allege both elements). These cases reflect a hesitation to "extend the tort of invasion of privacy to the routine collection of personally identifiable information as part of electronic communications." *Posadas v. Goodyear Tire & Rubber Co.*, No. 23-cv-00402-L-DDL, 2024 WL 5114133, at \*7 (S.D. Cal. Dec. 13, 2024) (quotation omitted) (granting motion to dismiss because collection of credit card information was not highly offensive). The reasoning of these decisions applies equally to this case. Based upon this precedent, Plaintiff has failed to plausibly allege an "intrusion," let alone one that was "highly offensive," and thus her claim should be dismissed. *See* Motion at 23–26.

**1. SPD Could Not Intrude On Communications Intended For SPD.**

SPD's Motion cited cases holding unanimously that a defendant cannot "intrude" upon communications intended for the defendant. *See* Motion at 23–24. In other words, whether SPD 'disclosed' a communication is irrelevant to whether SPD's receipt of the communication is an intrusion. Under California law, "a claim for intrusion upon seclusion does not require a publication, but instead the ***intrusion itself*** makes the defendant subject to liability." *Graham v. Sunnova Energy International, Inc.*, No. 1:22-cv-0622-JLT-BAM, 2024 WL 871858, at \*12 (E.D.

Cal. Feb. 28, 2024) (emphasis added; quotation omitted) (citing Restatement (Second) of Torts, § 652(B)).

Plaintiff dismisses these unanimous cases as "fail[ing] to apply California common law." Opp. at 6. But Plaintiff neglects to mention that California's Supreme Court has adopted the formulation of the intrusion upon seclusion tort in Section 652(B) of the Second Restatement of Torts, and California's common law shares precisely the same elements with the common law of other states which also adopt the Restatement. *See Shulman v. Grp. W Prods., Inc.*, 955 P.2d 469, 489 (Cal. 1998) (adopting Restatement). Plaintiff does not (and cannot) identify any aspect of California law that would allow, if Plaintiff's position is adopted here, the nonsensical result that a participant in a conversation has an expectation of reasonable privacy against the 'intrusion' of the other intended participant in the conversation.[2]

---

[2] Plaintiff cites to two cases where an intrusion upon seclusion claim was not dismissed as to the intended recipient of a communication. Opp. at 6. Critically, however, ***in both cases the defendant only moved to dismiss on grounds that the defendant's alleged intrusion was not "highly offensive."*** *See Cousin v. Sharp Healthcare*, 702 F.Supp.3d 967, 973 (S.D. Cal. 2023) ("Defendant challenges . . . that any intrusion is not 'highly offensive.'"); Motion at 18–19, *Exer* (Oct. 16, 2024), ECF No. 22 ("With respect to the second factor . . ."). Neither case can rebut the proposition that an intrusion claim is not cognizable against the intended recipient of a communication.

## 2.    The Alleged Intrusion Was Not Highly Offensive.

California law "set[s] a high bar for an invasion of privacy claim. Even disclosure of personal information, including social security numbers, does not constitute an 'egregious breach of the social norms' to establish an invasion of privacy claim." *Low v. LinkedIn Corp.*, 900 F.Supp.2d 1010, 1025 (N.D. Cal. 2012). Plaintiff alleges that SPD collected and disclosed "URLs" of the publicly-available Website along with Plaintiff's IP address and Facebook ID. Complaint ¶¶ 192–193. As a matter of law, such information does not rise to the level of highly offensive. *See, e.g.*, 900 F.Supp.2d at 1025 (dismissing invasion of privacy claim of alleged disclosure of plaintiffs' LinkedIn ID and the URL of the page the user viewed).

Instead of discussing the information Plaintiff actually alleged is at issue—publicly available URLs, IP addresses, and a Facebook ID—Plaintiff's Opposition spends much effort insinuating that this case is about "medical information," and that the disclosure of medical information is highly offensive. But there are no allegations that Plaintiff's URLs reveal any "medical information." While Plaintiff alleges that she researched a particular "reproductive health test kit," *compare* Opp. at 7 *with* Complaint ¶ 187, there are no plausible allegations that visiting this link would reveal any "specific reproductive health conditions," Opp. at 7, to any third party. Like the plaintiff in *Hammerling*, it is not plausible that any third party can infer any medical information about Plaintiff from a list of URLs. *See Hammerling v. Google LLC*, 615 F.Supp.3d 1069, 1091 (N.D. Cal. 2022).

DEFENDANT SPD'S
REPLY IN SUPPORT OF RULE 12(B)(6)
MOTION TO DISMISS
2:24-cv-06526-WLH-E

1    Plaintiff's cases do not involve analogous websites. In each of Plaintiff's cited

2    cases,[3] the relevant website contained actual medical records from a healthcare

3    provider through a patient portal or similar page. *See Desert Care Network*, 2024

4    WL 1343305, at *1 ("Plaintiffs allege that Defendants [hospital networks] installed

5    Meta Pixel on their websites and patient portal"); *St. Aubin v. Carbon Health Techs.,*

6    *Inc.*, No. 24-cv-00667-JST, 2024 WL 4369675, at *1 (N.D. Cal. Oct. 1, 2024)

7    ("Patients can book appointments to access medical care and manage their treatment

8    or diagnosis of medical conditions."); *Exer* Order at 1–2 (allegations that defendant

9    operated fifty-five clinics and website allowed patients to "pay bills"); *Cousin*, 702

10    F.Supp.3d at 974 (plaintiffs' "statuses as patients with certain doctors were tracked

11    on Defendant [hospital operator]'s website and transmitted to Meta").

12    While HIPAA may apply to patients using a website to "make appointments,"

13    "pay[] medical bills," or login to a "patient portal," none of those things are possible

14    on the Website and Plaintiff does not allege otherwise. Complaint ¶ 52 n.21. As

15    Plaintiff herself notes, "'[t]he collection of protected health information from a

16    medical provider is a different matter entirely' than collecting general browsing

17

18    _____

    [3] Plaintiff summarizes *Rodriguez v. Google LLC* as "finding [] a highly offensive

19    invasion of privacy where defendant represented that medical data would not be
    disclosed." Opp. at 7 (citing No. 20-cv-04688-RS, 2021 WL 2026726, at *8 (N.D.

20    Cal. May 21, 2021)). Nowhere does the *Rodriguez* Court discuss medical data when
    determining whether the alleged invasion was highly offensive. *See generally* 2021

21    WL 2026726, at *8.

1  data." Opp. at 5–6 (quoting *Meta Pixel Healthcare*, 647 F.Supp.3d at 794). These

2  significant differences mean hospital cases are totally inapposite in deciding whether

3  Plaintiff has alleged a highly offensive intrusion for the routine practice of collecting

4  and disclosing URLs.

5       **D.    Plaintiff Has Not Alleged Inadequate Legal Remedies (Count IV).**

6       As SPD's Motion established, "in California, there is not a standalone cause

7  of action for 'unjust enrichment.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d

8  753, 762 (9th Cir. 2015); *see* Motion at 27. Instead, "[w]hen a plaintiff alleges unjust

9  enrichment, a court may construe the cause of action as a quasi-contract claim

10  seeking restitution." 783 F.3d at 762 (quotation omitted). Further, a plaintiff "must

11  establish that she lacks an adequate remedy at law before securing equitable

12  restitution." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

13  California courts routinely dismiss restitution claims where the plaintiff does not

14  allege that she lacks an adequate remedy at law. *See, e.g.*, *Chiulli v. Am. Honda

15  Motor Co.*, 690 F.Supp.3d 1038, 1062 (N.D. Cal. 2023) (dismissing unjust

16  enrichment for failure to plausibly allege inadequate remedy at law); *Mikulsky v.

17  Bloomingdale's, LLC*, 713 F.Supp.3d 833, 846 (S.D. Cal. 2024) (same).

18       SPD pointed to Plaintiff's failure to allege an inadequate remedy at law. *See*

19  Motion at 27–28. Yet Plaintiff does not address this element at all, and instead recites

20  other elements of a restitution claim. *See* Opp. at 17–18. Plaintiff's arguments have

21  no bearing on whether she has alleged an inadequate legal remedy. Indeed,

DEFENDANT SPD'S
REPLY IN SUPPORT OF RULE 12(B)(6)
MOTION TO DISMISS
2:24-cv-06526-WLH-E

Plaintiff's cited cases confirm that a plaintiff must plead inadequate legal remedies to survive a motion to dismiss. *See C.M. v. MarinHealth Med. Grp., Inc.*, No. 23-cv-04179-WHO, 2024 WL 217841, at *6 (N.D. Cal. Jan. 19, 2024) (analyzing whether "plaintiff has alleged insufficient remedies as a matter of law"); *Doe v. Meta Platforms, Inc.*, 690 F.Supp.3d 1064, 1086 (N.D. Cal. 2023) (claim survived because "plaintiffs do allege that their remedies at law are inadequate"), *analysis adopted by FullStory*, 712 F.Supp.3d at 1253.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, SPD respectfully requests that the Court dismiss the entirety of the Complaint with prejudice.

Dated: February 14, 2025

**SQUIRE PATTON BOGGS (US) LLP**
By: */s/ Kristin L. Bryan*
Kristin L. Bryan

*Attorney for Defendant SPD Swiss Precision Diagnostics GmbH*

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant SPD Swiss Precision Diagnostics GmbH, certifies that this brief contains 3,999 words, which complies with the word limit of L.R. 11-6.1.

February 14, 2025                    /s/ *Yamili Gonzalez*

Yamili Gonzalez

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

## <u>**ATTESTATION STATEMENT**</u>

I, Yamili Gonzalez, am the ECF User whose identification and password are being used to file this stipulation. Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

<u>/s/ *Yamili Gonzalez*</u>

Yamili Gonzalez

DEFENDANT SPD'S
REPLY IN SUPPORT OF RULE 12(B)(6)
MOTION TO DISMISS
2:24-cv-06526-WLH-E